UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Elaine Smith,

    Plaintiff,

v.

Novitex Enterprise Solutions

    Defendant.
_____/

Case No. 16-13254

Hon. Sean F. Cox

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Elaine Smith ("Plaintiff"), proceeding *pro se*, filed this action against Defendant Novitex Enterprise Solutions, Inc.[1] ("Defendant") alleging employment discrimination, in violation of the Americans with Disabilities Act. ("ADA").

    Currently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 9, Def.'s Br.). Defendant seeks dismissal of Plaintiff's complaint on two grounds: (1) Plaintiff has failed to exhaust her ADA claims; and (2) assuming Plaintiff did exhaust her administrative remedies, her complaint fails to state a claim upon which relief may be granted. Plaintiff has filed a response in opposition to Defendant's motion. (Doc. # 15, Pl.'s Resp.). Plaintiff's response includes a myriad of factual allegations not contained in her original complaint. Defendants have filed a reply. (Doc. # 17, Def.'s Reply).

    The Court finds that oral argument would not significantly aid in the decisional process

---

[1] Although the complaint names Defendant as "Novitex Enterprise Solutions," Defendant has indicated that its proper name is "Novitex Enterprise Solutions, Inc."

and therefore orders that the instant motion will be decided upon the briefs. *See* E.D. Mich. LR 7.1(f). The Court shall **GRANT** Defendant's Motion to Dismiss because Plaintiff has failed to exhaust her administrative remedies under the ADA.

## BACKGROUND

Plaintiff is appearing *pro se* in this matter. Plaintiff was previously employed by Defendant Novitex Enterprises Solutions, Inc. After Plaintiff was terminated, she filed charge of discrimination with the EEOC.[2] (Ex. B to Def.'s Br., EEOC Charge).

Plaintiff's EEOC Charge was brought pursuant to Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. In the section of the charge where Plaintiff marked what the discrimination was based on, Plaintiff marked the boxes for "race," "color," "sex" and "age." Specifically, Plaintiff alleged:

> I began my employment with the above referenced employer in or around April, 1998. My most recent position was Service Delivery Manager II.
>
> During my employment, I was subjected to sexual harassment. I complained, to no avail. Subsequently, I was assigned to a less desirable assignment and subjected to different terms and conditions of employment, including but not limited to a heavier work load. On or about June 24, 2015, I was discharged.
>
> I believe I have been sexually harassed, assigned to a less desirable location, subjected to different terms and conditions of employment and discharged due to my race, African American, sex, female, color, darker skinned and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and due to my age, 45, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(EEOC Charge at 3).

---

[2] A copy of the EEOC Charge and the subsequent right to sue letter are attached as exhibits to Defendant's motion to dismiss. Because these documents are central to the claims asserted in Plaintiff's complaint, the Court may consider them for purposes of deciding this motion. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

On June 10, 2016, the EEOC issued a Dismissal and Notice of Rights.  (Ex. C to Def.'s Br.).  Plaintiff subsequently filed the a "Complaint for Employment Discrimination" on September 8, 2016.  (Doc. # 1, Pl.'s Compl.).  Plaintiff's complaint names Novitex Enterprise Solutions as the sole defendant in this action.  Plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117.  (*Id*. at 4).  Plaintiff alleges that she suffers from depression and anxiety and that Defendant has discriminated against her because of her disability.  Plaintiff's complaint alleges the following claims: (1) failure to hire; (2) termination of employment; (3) failure to accommodate disability; and (4) unequal terms and conditions of employment.  (*Id*. at 5).  Plaintiff alleges the following facts in relation to this action:

> I was diagnosed November 2011 with major depression, PTSD and anxiety. I returned to work Jan. 2012 and requested accommodations [sic] I was a supervisor, then a SDM1 [sic] then a SDMII (Service Delivery Mgr [sic] II) even thou [sic] I requested lighter duty I was given a heavier workload.

(*Id*. at 6).  Plaintiff's complaint indicates that she was issued an EEOC right to sue letter on June 10, 2015.[3]  (*Id*. at 7).  Plaintiff seeks "lost wages" and wants Defendants to "introduce policy for those with disability."  (*Id*.).

In lieu of filing an Answer, Defendant filed the instant motion to dismiss.  (Def.'s Br.). Defendant's motion seeks dismissal of Plaintiff's complaint on the basis that Plaintiff's allegations are not reasonably related to Plaintiff's previous EEOC charge, which contained sexual harassment allegations (rather than disability discrimination allegations).  (*Id*. at 5-6). Alternatively, Defendant argues that Plaintiff's complaint fails to plausibly state a claim for

---

[3] Although Plaintiff alleges that she received the notice on June 10, 2015, the copy of the EEOC notice is dated June 10, 2016.

relief because it lacks sufficient factual content.  (*Id*. at 7-8).

On January 5, 2017, Plaintiff filed a response to Defendant's motion.  (Pl.'s Resp.). Plaintiff states that the June 10, 2016 Dismissal and Notice of Rights "included the American with Disabilities Act."  Plaintiff asserts a claim for "ADA TITLE I" and appears to supplement/amend the factual allegations contained in her complaint.  Specifically, Plaintiff claims that in November 2011, Plaintiff was "out on disability for almost 12 weeks."  (*Id*. at 1). Plaintiff claims that when she returned, she was subjected to different treatment by her former boss.  She alleges that he initially accommodated Plaintiff's disability by assigning her a lighter work load.  However, after a few months of accommodations, he went back on his promise. Plaintiff's response purports to support each claim asserted in her complaint with factual allegations.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Lillard v. Shelby County Bd. of Educ*., 76 F.3d 716, 726 (6th Cir. 1996).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## ANALYSIS

**A.      Failure to Exhaust Administrative Remedies**

Defendant argues that this suit is subject to dismissal because Plaintiff failed to exhaust her administrative remedies with respect to her claims under the ADA.  The Court agrees.

"Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)).  An employee has not exhausted her administrative remedies and may not file suit under the ADA until she receives a right to sue letter from the EEOC.  *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (procedures in § 2000e–5 apply to claims brought under the ADA).

A district court's jurisdiction to hear cases arising under the ADA is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Johnson v. Cleveland City Sch. Dist.*, 344 Fed. App'x 104, 109 (6th Cir. 2009) (citing *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991)).  "Therefore, a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed[,]" or if the

agency discovers evidence of the discrimination relating to the uncharged claim while investigating plaintiff's charge. *Johnson*, 344 Fed. App'x at 109 (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)).

Here, even assuming that the Court permitted Plaintiff to amend her complaint with the factual allegations outlined in her response brief, Plaintiff's uncharged ADA claims still do not reasonably grow out of her charged claims. Plaintiff's EEOC Charge alleges discrimination on the basis of race, color, sex and age. In her EEOC Charge, Plaintiff specifically alleged that: (1) she was sexually harassed; (2) that she complained of sexual harassment; and (3) that she was subsequently "subjected to different terms and conditions of employment, including but not limited to a heavier work load."

Plaintiff's uncharged claims, on the other hand, arise under the ADA. Plaintiff's response brief alleges that Defendant violated the ADA by: (1) failing to accommodate her disability when assigning her "extreme" duty tasks as opposed to "light" duty tasks; (2) subjecting Plaintiff to unequal terms and conditions of employment when denying her light assignments and, instead, adding responsibilities with no pay increase or formal training; (3) retaliating against Plaintiff for complaining about "all of the [added] responsibilities and how difficult it was for [Plaintiff] to keep up;" and (4) failing to hire Plaintiff by refusing to "accommodate [her] with any of the open positions" Plaintiff had applied to.

Upon comparing the factual allegations in Plaintiff's EEOC Charge with the factual allegations in Plaintiff's complaint–along with the allegations improperly asserted in Plaintiff's response brief–it is clear that Plaintiff's ADA claims do not reasonably grow out of the facts alleged in the EEOC Charge. Notably absent from Plaintiff's EEOC Charge is *any* indication

that Plaintiff is disabled and has experienced unfair/discriminatory treatment as a result of, and in connection to, this disability. It is also worth noting that, on the EEOC Charge, Plaintiff did not mark the box indicating that her discrimination was based on "disability" or the box indicating that she was bringing her charge under the ADA. Moreover, the factual allegations contained in the EEOC Charge are not sufficient to prompt the EEOC to investigate discrimination and retaliation on the basis of disability. And finally, Plaintiff's argument that the EEOC's Notice of Suit Rights included a section for the ADA is meritless. The EEOC's Notice of Suit Rights merely *informs* employees of their suit rights and limitations under several different statutes.

Thus, the Court concludes that Plaintiff has failed to exhaust her administrative remedies for her claims under the ADA.

## CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: February 16, 2017

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on February 16, 2017, the foregoing document was served on counsel of record via electronic means and upon Elaine Smith via First Class mail at the address below:

Elaine Smith
276 Harrison
Pontiac, MI 48341

s/J. McCoy
Case Manager